

U.S. Department of Justice

United States Attorney
District of Connecticut

Connecticut Financial Center
157 Church Street
New Haven, Connecticut 06510

Fax (203) 773-5376
www.justice.gov/usao/ct

FILED

2011 JUL 21 A 11: 39

US DISTRICT COURT
HARTFORD CT

July 21, 2011

Richard Brown, Esq.
Brown, Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT 06103

Re: <u>United States v. David Bourque</u>
    Criminal No.: Information 3:11CR127 AWT

Dear Mr. Brown:

This letter confirms the plea agreement between your client, David Bourque (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

David Bourque agrees to waive his right to be indicted and to plead guilty to a one-count information charging him with receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a) (2). He understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

1. That the defendant knowingly received or distributed a visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture of sexually explicit conduct;

2. That the visual depiction was mailed, shipped or transported in interstate or foreign commerce, including by means of the Internet;

3. That the visual depiction was child pornography, defined as a digital image or computer-generated image that is of a minor engaging in sexually explicit conduct; and

4. That the defendant knew that at least one of the participants in such visual

1

depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

## **THE PENALTIES**

This offense carries a maximum penalty of 20 years of imprisonment, a $250,000 fine and a mandatory minimum penalty of 5 years of imprisonment. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least five years and as much as life. 18 U.S.C. § 3583(k). The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to 2 years with no credit for time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant shall be required to serve a term of not less than 5 years of imprisonment. 18 U.S.C. § 3583(k).

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (I) and § 3612(g).

Finally, in addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 2259, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 2259. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is

2

payable immediately unless otherwise ordered by the Court.

Forfeiture

Pursuant to 18 U.S.C. § 2253(a), the defendant agrees to forfeit his interest in the following:

1. One (1) Dell Inspiron 1545 laptop #4HBB3K1 with cord
2. One (1) Western Digital my passport 750GB hard drive #WDBACX7500ABK
3. One (1) Seagate 320GB hard drive #2GE3Q7MM
4. One (1) Dell Latitude D810 laptop computer service tag G22HH91
5. One (1) Kingston 2GB SD card

(hereinafter, the "Computer Equipment"). The defendant warrants that he is the sole owner of the Computer Equipment, with the exception of the Dell Inspiron 1545 laptop #4HBB3K1 listed above which may the property of Granby Police Department. The defendant further acknowledges that the Computer Equipment is subject to forfeiture as property used to commit or to promote the commission of illegal conduct giving rise to forfeiture.

The defendant agrees to waive all interests in the Computer Equipment in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of an order of forfeiture for the Computer Equipment and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the Computer Equipment covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's adjusted offense level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of

4

the recommendations or seeks denial of the adjustment for acceptance of responsibility.

## Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

## Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. §2G2.2(a)(2) is 22. That level is increased by two (2) levels under U.S.S.G. §2G2.2(b)(2) because the material involved a prepubescent minor or minor who had not attained the age of twelve. Five levels are added under U.S.S.G. §2G2.2 (b)(3)(B) because the distribution was for the receipt or expectation of receipt of a thing a value, specifically child pornographic material. Two (2) levels are added under U.S.S.G. § 2G2.2 (b)(6) because the offense involved use of a computer or interactive computer service for the possession, transmission, receipt or distribution of the material. Four (4) levels are added under U.S.S.G. § 2G2.2(b)(4) because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. Five (5) levels are added under U.S.S.G. § 2G2.2 (b)(7)(D) because the offense involved 600 or more images. As described below, the defendant possessed 328,582 images of child pornography. The resulting total offense level is 40. After three (3) levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, the adjusted offense level is 37.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

An adjusted offense level 37 with a criminal history category I, which the parties calculate the defendant to be, results in a range of 210 to 240 months of imprisonment (sentencing table) and a fine range of $20,000 to $200,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 5 years to life. U.S.S.G. § 5D1.2.

The defendant reserves the right to move for a downward departure or a non-Guidelines

sentence under U.S.C. § 3553(a). The government reserves the right to oppose such motions.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the

assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that, following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant understands that, because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his

understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SEX OFFENDER REGISTRATION

The defendant acknowledges that he has been advised and understands that, under the federal Sex Offender Registration and Notification Act, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the receipt and distribution of child pornography, which forms the basis of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY

RAY MILLER
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

DAVID BOURQUE                           Date 7/21/11
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____                  7/21/11
RICHARD BROWN, ESQ.                     Date
Attorney for the Defendant

9

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information:

The defendant possessed approximately 22,282 images and 4084 videos of hard core child pornography, some of which exceeded five (5) minutes in length, primarily involving young boys aged 8-14. Under the Guidelines, this equates to 328,582 images. The defendant can not stipulate that he viewed each and every one of these images.

The defendant used the Internet to share pictures and videos of child pornography with other individuals, including but not limited to:

a.  File Name: !1!!!11.jpg. Description: This image file depicts a male child who appears to be between the ages of 1 and 3 years old. The penis of what appears to be an adult male is inserted into the male child's anus.
b.  File Name: 001m-013_2.jpg. Description: This image file depicts a male child who appears to be between the ages of 3 and 6 years old. The child is naked from below the waist, and the penis of what appears to be an adult male is pressed against the child's anus.
c.  File Name: xxxxx_13_yo_008.jpg. Description: This image file depicts a naked male child who appears to be between the ages of 11 and 14 years old. The child is kneeling on a bed, and his legs are spread, exposing his penis in a lascivious manner.
d.  File Name: img.20030116021957172688261g.jpeg that depicts a child that appears to be less than a year old performing oral sex on an adult male. This image was stored in a folder labeled "photos - babies - men."

On April 11, 2011, law enforcement officers conducted searches of both the defendant's residence and his office at the Granby Police Department. Bourque identified a Dell laptop computer and several other items, including an external hard drive, as his personal property. He refused, however, to give consent to preview the Dell laptop computer. Bourque informed the Connecticut State Police that the computers and their associated data storage devices were encrypted, but refused to make any further statements.

On April 20, 2011, Bourque agreed to meet with the Connecticut State Police and the FBI. Bourque was cooperative with the law enforcement agents and provided them with the passwords required to access his accounts. Specially, he showed the officers how he had encrypted the hard drive to conceal his collection of child pornography and how to access his collection of child pornography..

A subsequent forensic analysis of the defendant's computers revealed that child pornography was located on the following computer equipment:

1. One (1) Dell Inspiron 1545 laptop #4HBB3K1 with cord
2. One (1) Western Digital my passport 750GB hard drive #WDBACX7500ABK

3. One (1) Seagate 320GB hard drive #2GE3Q7MM
4. One (1) Dell Latitude D810 laptop computer service tag G22HH91
5. One (1) Kingston 2GB SD card

Forensic examiners were able to view over 300 sub-folders on the defendant's computer that contained child pornography, including, *inter alia*, "6-10yo boys pics," "11yr old holefull," "12yo xxxxxxx big dick," "13 yo Boy Firm Body," "12yr old American boy circumcised," and "little pubes full." To obtain this material, the defendant would communicate and barter with other internet users and agree to share child pornography with them if they in turn provided him with child pornography that they possessed.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
DAVID BOURQUE
The Defendant

_____
RAY MILLER
ASSISTANT UNITED STATES ATTORNEY

_____
RICHARD BROWN, ESQ.
Attorney for the Defendant

## RIDER CONCERNING RESTITUTION

Pursuant to 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

- (A) medical services relating to physical, psychiatric, or psychological care;

- (B) physical and occupational therapy or rehabilitation;

- (C) necessary transportation, temporary housing, and child care expenses;

- (D) lost income;

- (E) attorneys' fees, as well as other costs incurred; and

- (F) any other losses suffered by the victim as a proximate result of the offense.

Restitution is payable immediately unless ordered otherwise by the Court. The order of restitution has the effect of a civil judgment against the defendant. The order of restitution must be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. 18 U.S.C. § 3614. The Court may also order that the defendant give notice to any identifiable victim(s) of his offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.

## RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment, either inpatient or out-patient, to include participation with polygraph administration, as directed by the United States Probation Office. The defendant shall pay all, or a portion of, the costs associated with mental health treatment based on his ability to pay, in an amount to be determined by the United States Probation Office;

2. The defendant shall agree that any device that he uses with Internet access, including a computer, will be equipped with monitoring software that will permit the United States Probation Office to determine whether he has been in contact with minors, either through email, chat rooms, instant messaging, or any other electronic means.[1] The defendant shall pay all, or a portion of, the costs associated with computer monitoring based on his ability to pay, in an amount to be determined by the United States Probation Office;

3. The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the United States Probation Office, of any computer-related restrictions that are imposed;

4. The defendant shall have no unsupervised contact with any child under 18 years of age without the express permission of the United States Probation Office and treatment provider. On release, the United States Probation Office will determine whether the defendant may have unsupervised contact with his own children;

5. The defendant shall permit the United States Probation Office, accompanied with either local, state, or Federal law enforcement authorities, upon reasonable suspicion,[2] to conduct a search of the defendant's residence, automobile, and workplace for the presence of sexually explicit materials involving minors;

6. The defendant shall comply with any applicable federal, state and local sex offender registry laws and requirements;

7. The defendant shall provide the United States Probation Office with access to any requested financial records, including but not limited to, telephone bills and credit card statements;

---

[1] Narrowly tailored to conform to United States v. Lifshitz, 369 F.3d 173 (2d Cir. 2004).

[2] Id.

8. The defendant shall not loiter around playgrounds, schools, arcades or any other places where children under the age of 18 congregate. The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the United States Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling group;

9. The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18; and

10. The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.